UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ACTORS FEDERAL CREDIT UNION,

                     Plaintiff,

    -v-

CUMIS INSURANCE SOCIETY, INC.,

                     Defendant.
------------------------------------------------------------X

11 Civ. 2129 (AJN)

ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: SEP 18 2012

ALISON J. NATHAN, District Judge:

    Before the Court is the *in limine* motion of Defendant, CUMIS Insurance Society, Inc. ("CUMIS"), to exclude the testimony of Jay Frank, an expert retained by Plaintiff, Actors Federal Credit Union ("Actors"). (Dkt. #12) For the reasons set forth below, CUMIS' motion is GRANTED in part and DENIED in part.

## I. FACTS[1]

    Actors is a credit union with ATMs throughout New York City. Actors purchased from CUMIS a fidelity bond (the "Bond") that provides insurance coverage for funds that are lost or stolen while "in transit." During the time that the Bond was in effect, Actors contracted with a third-party, Mount Vernon Money Center ("MVMC"), to provide ATM replenishment services (*i.e.*, to keep Actors' ATMs supplied with physical currency). At times, this required MVMC to hold Actors' funds in one of MVMC's vaults. In February and March 2010, certain principals at MVMC were arrested for bank fraud, and monies held in the MVMC vaults were seized by the

---

[1] A more detailed recitation of the facts is contained in the Court's opinion denying CUMIS' motion for summary judgment. (Dkt. #42) Familiarity with that opinion and the facts contained therein is assumed.

1

Federal Bureau of Investigation. Actors was unable to recover all of the funds entrusted to MVMC and made a claim of loss with CUMIS. CUMIS denied the claim, finding that the loss was not covered by the terms of the Bond. Actors initiated the above-captioned action seeking monetary and declaratory relief on the grounds that its loss is covered by the In Transit Provision of the Bond.

## II. DISCUSSION

According to Actors, it has retained Mr. Frank to "present facts and opinions with respect to his evaluation of [the Bond] . . . and CUMIS' obligation to comply with the 'in transit' clause of the Bond." (R. 26 Discl. ¶ 6, Dkt. #14-1) In the instant motion, CUMIS asserts that Mr. Frank's testimony should be excluded because it consists entirely of improper legal conclusions. (Dkt. #13) Actors opposes the motion, contending that Mr. Frank intends to testify as to custom and practice in the insurance industry, particularly the customary scope of "in transit" provisions in insurance contracts. (Dkt. #16)

Upon review of Actors' Rule 26 Expert Disclosure, the Court finds that Mr. Frank's proposed testimony, as detailed in his Expert Report, Dkt. #14-2, is largely inadmissible. That is, Mr. Frank's Expert Report consists almost entirely of: (1) his interpretation of Actors' contract with MVMC; (2) his interpretation of the Bond; (3) his opinion as to whether CUMIS is obligated to cover Actors' claimed loss; and (4) Actors' intentions vis-à-vis its contract with MVMC and its purchase of insurance coverage from CUMIS. As discussed *infra* §A, none of this constitutes permissible expert testimony. However, Mr. Frank's Expert Report also contains proposed testimony regarding the customary scope of "in transit" provisions in insurance contracts, which *may* be admissible. Consequently, CUMIS' motion to exclude the testimony of Mr. Frank is GRANTED in part and DENIED in part.

## A. Improper Expert Testimony Is Excluded

It is improper for Mr. Frank to testify as to his interpretation of either the MVMC contract or the Bond because experts are not permitted to simply interpret disputed contracts. As the Second Circuit clearly stated in *Marx & Co., Inc. v. Diners' Club, Inc.*, 550 F.2d 505, 510 (2d Cir. 1977): "The question of interpretation of the contract is for the jury and the question of legal effect is for the judge. In neither case do we permit expert testimony." *See also Liberty Media Corp. v. Vivendi Universal, S.A.*, 2012 WL 1097351, *6 (S.D.N.Y. Apr. 2, 2012) (question of contract interpretation is for the jury rather than experts); *Am. Nat'l Fire Insur. Co. v. Mirasco*, 265 F. Supp. 2d 240, 252 (S.D.N.Y. 2003) (excluding testimony regarding the nature, scope and coverage contemplated by insurance policy as well as whether certain requirements of contract had been met because such testimony impermissibly invaded the province of the trier of fact).

It is also improper for Mr. Frank, on the basis of nothing more than his own proffered contract interpretation, to testify that CUMIS is obligated to cover Actors' loss. Although pursuant to Federal Rule of Evidence 704 "[a]n opinion is not objectionable just because it embraces an ultimate issue," the Second Circuit has held that Rule 704 "was not intended to allow experts to offer opinions embodying legal conclusions." *United States v. Scop*, 846 F.2d 135, 139 (2d Cir. 1988), *rev'd in part on other grounds*, 856 F.2d 5 (2d Cir. 1988). In other words, Rule 704 does not alter the rule that opinions which merely tell the jury what result to reach are impermissible. *Id.* at 139-40. Here, the central issue for the trier of fact is the scope of coverage under the Bond and whether or not Actors' loss falls within its limits – Mr. Frank cannot, based on nothing more than his own interpretation of the MVMC contract and the Bond, usurp the fact-finder's function.

Finally, it is improper for Mr. Frank to testify regarding Actors' intentions in contracting with MVMC or CUMIS because these are questions reserved to the trier of fact. *In re Rezulin Prod. Liab. Litig.*, 309 F. Supp. 2d 531, 547 (S.D.N.Y. 2004) ("Inferences about the intent or motive of parties or others lie outside the bounds of expert testimony.").

For each of these reasons, the greater part of Mr. Frank's proposed testimony, as detailed in his Expert Report, is inadmissible.

### B. Custom or Practice May Be Proper Expert Testimony

Although Mr. Frank's proposed testimony is largely inadmissible, page three of his Expert Report states: "In the insurance industry, coverage on cargo ends not at interim stops, but at the stipulated final designation [*sic*]." Testimony on this specific point *may* be admissible because experts can, in the context of a dispute over an insurance contract, testify regarding the customary meaning of disputed terms or provisions. S*ee Am. Nat'l Fire Insur. Co.*, 265 F. Supp. at 252. To be clear, the admissibility of such testimony at trial depends on a variety of factors; however, because CUMIS makes no arguments for excluding such custom or practice testimony in advance of trial, the Court reserves judgment on its admissibility.

### III. CONCLUSION

For the forgoing reasons, CUMIS' motion to exclude Mr. Frank's proposed testimony as contained in his Expert Report is GRANTED with the exception that the Court reserves judgment on the admissibility of testimony addressing the customary scope of "in transit" provisions in insurance contracts.

SO ORDERED.

Dated: September 18, 2012
New York, New York

_____
ALISON J. NATHAN
United States District Judge