UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------
ACTORS FEDERAL CREDIT UNION,

                      Plaintiff,

        - against -                              1:11 C 2129 (MEA)
                                                  **MEMORANDUM OPINION AND**
                                                  **ORDER**

CUMIS INSURANCE SOCIETY, INC.,

                      Defendant.
-----------------------------------------------------------

**MARVIN E. ASPEN**, United States District Judge:

       Presently before us are three motions in limine filed by the parties in preparation for trial. In this case, Plaintiff Actors Federal Credit Union ("Plaintiff" or "Actors"), claims that Defendant Cumis Insurance Society, Inc. ("Defendant" or "CUMIS") breached its contract by denying Plaintiff's insurance claim for losses allegedly suffered as a result of fraud and theft by a third party, Mount Vernon Money Center ("MVMC"). (Dkt. No. 42 (Order denying Defendant's motion for summary judgment) at 1.) For the reasons discussed below, the motions are denied.

## STANDARD

       "A district court's inherent authority to manage the course of its trials encompasses the right to rule on motions *in limine*." *Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 176–77 (S.D.N.Y. 2008) (*citing Luce v. Unites States*, 469 U.S. 38, 41 n.4, 105 S. Ct. 460, 463 (1984)). "The purpose of an *in limine* motion is to aid the trial process by enabling the [c]ourt to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) (internal quotation omitted); *see also Ventura Assocs.,*

*Inc. v. Int'l Outsourcing Servs., Inc.*, No. 04 C 5962 & 04 C 10250, 2009 WL 691066, at *1 (S.D.N.Y. Mar. 17, 2009). Because a ruling on a motion in limine is "subject to change as the case unfolds," this ruling constitutes a preliminary determination in preparation for trial. *Palmieri*, 88 F.3d at 139 (*quoting Luce*, 469 U.S. at 41, 105 S. Ct. at 163).

## ANALYSIS

I.  **Defendant's Motion To Exclude Evidence of Prior Thefts**

Underlying this lawsuit is the fraud perpetrated by Robert Egan and Bernard McGarry, corporate officers of MVMC. (Dkt. No. 42 at 4.) Actors had a contract with MVMC for maintenance, cash settlement and replacement services related to Actors' ATMs. (*Id.* at 3.) On February 11 and 12, 2010, the FBI seized MVMC's assets, including funds held in its vaults. (*Id.* at 4.) Both Egan and McGarry were arrested and convicted of multiple counts related to the misuse of funds. (*Id.*) At that time of the seizure, MVMC was supposed to be holding $3,984,840 belonging to Actors. (*Id.*) In the course of forfeiture proceedings, the court reimbursed the seized funds to numerous financial institutions on a pro rata basis. (*Id.* at 4–5.) Actors recovered a pro rata share of $1,414, 057 by court order on January 18, 2012. (*Id.* at 5.)

In the present motion, CUMIS seeks to exclude evidence related to any theft committed by Egan and McGarry prior to February 2010. (Dkt. No. 58 at 2.) CUMIS argues that any such evidence is either irrelevant under Federal Rule of Evidence 402 or prejudicial under Federal Rule of Evidence 403. (*Id.* at 2–3.) Neither argument has merit.

   A.  **Egan and McGarry's criminal activity prior to February 2010 is relevant.**

The evidence CUMIS seeks to exclude is relevant to Actors' theory of liability. Relevant evidence includes "evidence having any tendency to make the existence of any fact that is of

2

consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401, 402; *United States v. Kaplan*, 490 F.3d 110, 120–21 (2d Cir. 2007). "Implicit in that definition are two distinct requirements: (1) the evidence must be probative of the proposition it is offered to prove, and (2) the proposition to be proved must be one that is of consequence to the determination of the action." *Kaplan,* 490 F.3d at 121; *United States v. Diaz,* 878 F.2d 608, 614 (2d Cir.1989). "The Rules' basic standard of relevance . . . is a liberal one." *Kaplan,* 490 F.3d at 121.

According to CUMIS, "[w]hether Messrs. Egan and McGarry stole money years ago from some of its customers would have no bearing on whether $3,984,000 of Actor's money was stolen during the first week of February 2010 . . ." (*Id.* at 2.) This argument presupposes that the alleged theft was a discreet instance of criminal activity and any thefts occurring prior to that time were causally unrelated to the loss of Actors' funds in February 2010. As Actors points out, however, it has "consistently maintained" that its loss was "caused by the continuous, ongoing fraud perpetrated by Egan and McGarry." (Dkt. No. 66 at 8.) Indeed, Judge Nathan held in her order denying CUMIS's motion for summary judgment that "a reasonable jury could conclude that Actors' loss was in fact caused by the shortfall of funds in MVMC's vaults and that this shortfall was the result of a long-standing practice of commingling and embezzling client funds." (Dkt. No. 42 at 12.)

In light of Actors' allegation that its loss was caused by an ongoing criminal scheme, evidence of Egan and McGarry's conduct prior to February 2010 meets the standard for relevance under Rule 401. First, Egan and McGarry's criminal activity leading up to the alleged loss is probative of the existence of a continuous scheme to embezzle their clients' funds.

3

Second, the existence of that scheme is a fact of consequence because it is the basis of Actors' theory of causation. Specifically, CUMIS's liability depends in part on Actors' ability to prove that this ongoing scheme caused the loss of funds. Therefore, we will not exclude this evidence on relevance grounds under Rules 401 and 402.

> **B. Rule 403 does not exclude evidence of Egan and McGarry's criminal activity prior to February 2010.**

CUMIS further contends that this evidence, if admitted, would be unfairly prejudicial, dilatory, and confusing under Rule 403. (Dkt. No. 58 at 3.) It offers no persuasive reason, however, for us to reach this conclusion.

First, CUMIS asserts that "evidence of years of theft could mislead or confuse the jury into believing that CUMIS is responsible for those losses, which is obviously prejudicial." (*Id.*) This conclusory statement means nothing more than CUMIS may be found liable if Actors uses the challenged evidence to prove its theory. That result may be prejudicial to CUMIS, but it is not unfairly prejudicial. "'Unfair prejudice' is that which might dispose a jury to render a verdict for reasons unrelated to the merits of the case." *Henry v. Wyeth Pharm., Inc.*, 616 F.3d 134, 150 (2d Cir. 2010). "Evidence cannot be excluded under Fed. R. Evid. 403 on the basis that, due to its relevance, such evidence has a negative impact on a party's litigation position." *MBIA Ins. Corp. v. Patriarch Partners VIII, LLC*, No. 09 C 3255, 2012 WL 2568972, at *11 (S.D.N.Y. July 3, 2012) (citing *George v. Celotex Corp.*, 914 F.2d 26, 31 (2d Cir. 1990)). CUMIS's argument for unfair prejudice is therefore meritless.

Second, CUMIS argues that admission of this evidence could delay trial because "no discovery was conducted with respect to alleged actions of Messrs. Egan and McGarry prior to

February 2010." (Dkt. No. 58 at 3–4.) According to CUMIS, it will be prejudiced "if Actors is allowed to shift theories of the case and proffers that somehow its losses occurred during this uninvestigated timeframe." (*Id.* at 4.) This argument is groundless—in its complaint, Actors alleged ongoing fraud dating back to the beginning of its business relationship with MVMC (Dkt. No. 66 at 15–16), and as we noted above, this explanation for the loss was an issue on summary judgment. There has not been any "shift in theory" that would warrant additional discovery or a continuance of the trial date.

The evidence that CUMIS seeks to exclude is neither irrelevant nor prejudicial. We therefore deny the motion in limine.

## II.     Defendant's Motion To Exclude Evidence of Settlement With Delta Federal

CUMIS's second motion seeks to exclude evidence of CUMIS's settlement of a claim made by Delta Federal Credit Union ("Delta") related to MVMC. (Dkt. No. 60 at 1.) CUMIS points out that it reached a settlement with Delta based on a provision in its insurance bond that is different from the one at issue in this case. (*Id.*) According to CUMIS, the fact that they "compromised a claim concerning another credit union with respect to a different coverage provision is irrelevant to whether CUMIS is legally obligated to pay under the bond at issue in this case." (*Id.*)

We agree with CUMIS that the distinctions between the Delta and Actors' respective claims raise questions regarding the relevance of the Delta settlement. We give notice to the parties that at this time we are inclined to exclude the evidence, unless at trial Plaintiff can show

for reasons other than those set forth in its motion that this evidence is otherwise relevant.[1]

### III.     Plaintiff's Motion To Exclude Evidence Related to Ambiguous Contract Provisions

Plaintiff's motion in limine asks us to exclude evidence offered by CUMIS "related to the insurance contract provisions held to be ambiguous by this Court in the Decision and Order filed September 17, 2012" and to "interpret such provisions in favor of Actors, the insured, under the doctrine of *contra proferentem*." (Dkt. No. 64 at 1.) The motion fails because these arguments have no place in a motion in limine—they belong instead in a motion for summary judgment. A motion in limine "is not a proper vehicle for a party to ask the Court to weigh the sufficiency of the evidence to support a particular claim or defense, because that is the function of a motion for summary judgment, with its accompanying and crucial procedural safeguards." *Pavone v. Puglisi*, No. 08 C 2389, 2013 WL 245745, at *1 (S.D.N.Y. Jan. 23, 2013); *Bowers v. Nat'l Collegiate Athletic Ass'n,* 563 F. Supp. 2d 508, 532 (D.N.J. 2008).

In her order dismissing CUMIS's motion for summary judgment, Judge Nathan considered the evidence offered by each party, viewed the undisputed facts in the light most favorable to Actors, and determined that certain contract provisions at issue in this case are

---

[1] We "exclude evidence on a motion *in limine* only if the evidence is clearly inadmissible on all potential grounds." *Gucci Am., Inc. v. Guess?, Inc.*, 858 F. Supp. 2d 250, 253 (S.D.N.Y. 2012); *United States v. Ozsusamlar*, 428 F. Supp. 2d 161, 165 (S.D.N.Y. 2006). A court "considering a motion *in limine* may reserve judgment until trial, so that the motion is placed in the appropriate factual context." *Bd. of Trustees of AFTRA Ret. Fund v. JPMorgan Chase Bank, N.A.*, 860 F. Supp. 2d 251, 254 (S.D.N.Y. 2012); *Ozsusamlar*, 428 F. Supp. 2d at 165.

In a footnote of its supporting memorandum, CUMIS suggests that this evidence "may be inadmissible pursuant to Rule 408 of the Federal Rules of Evidence." (Dkt. No. 60 at 2 n.2.) It offered no explanation or argument to support that position. Instead, it waited until the reply to argue for exclusion under Rule 408. As a result, Actors did not have the opportunity to respond to these arguments. The applicability of Rule 408 is this instance is unlikely, given that CUMIS seeks to exclude a settlement not between the parties to the case, but between CUMIS and a third party.

ambiguous. (Dkt. No. 42 at 2, 8–13.) Now Actors asks us to review the evidence again, essentially reverse Judge Nathan's order by holding that "the evidence . . . is so one-sided that no reasonable person could decide" for CUMIS (Dkt. No. 64 at 6, 9), and therefore construe the contract in Actors' favor as a matter of law under the doctrine of *contra proferentem*. That is precisely the type of decision that requires the formalities of a summary judgment motion. Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). A party "cannot evade the procedural requirements of Rule 56 by offering arguments for summary judgment in a motion in limine." *Pavone v. Puglisi*, No. 08 C 2389, 2013 WL 245745, at *1 (S.D.N.Y. Jan. 23, 2013). Therefore, we dismiss Actors' motion as procedurally defective.

Moreover, the case law that Actors cites contradicts its own position. They correctly state that "[o]nce a Court concludes that an insurance provision is ambiguous, the Court may accept 'any available extrinsic evidence to determine the meaning intended by the parties during the formation of the contract.'" (Dkt. No. 64 at 5 (quoting *Morgan Stanley Group, Inc. v. New England Ins. Co.*, 225 F.3d 270, 275–76 (2d Cir. 2000).) They also readily acknowledge that the doctrine of *contra proferentem* only applies "if the ambiguity cannot be resolved by examining extrinsic evidence of the parties' intentions, either as a matter of law or as a matter of fact . . ." (Dkt. No. 64 at 6.) In this case, we have determined that certain contract provisions are ambiguous, but there has not yet been any examination of the parties' extrinsic evidence to determine the meaning of those provisions. That examination is precisely the purpose of the upcoming jury trial. There is no legitimate basis for us to exclude CUMIS's extrinsic evidence on this issue at this stage.

## CONCLUSION

For the reasons set forth above, we deny the motions in limine.

SO ORDERED:

_____
Marvin E. Aspen
United States District Judge

Dated:      Chicago, Illinois
            February 28, 2013