UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

ACTORS FEDERAL CREDIT UNION,     :     Case No. 1:11-cv-02129 (MEA)

                       :

             Plaintiff,     :     **PLAINTIFF'S REVISED**

                       :     **PROPOSED REQUESTS**

     - against -         :     **TO CHARGE**

                       :

CUMIS INSURANCE SOCIETY, INC.,     :

                       :

             Defendant.     :

------------------------------------------------------------x


### FOR PLAINTIFF, ACTORS FEDERAL CREDIT UNION


Dated: Tarrytown, New York
       March 8, 2013



                Respectfully submitted,


                MITCHELL POLLACK & ASSOCIATES, P LLC

                \s\ Eileen M. Burger, Esq.
                Eileen M. Burger, Esq. (EB-3002)
                Mitchell B. Pollack (MP-7591)
                150 White Plains Road, Suite 310
                Tarrytown, New York  10591
                (914) 332-0700
                (914) 332-9191 (Fax)
                eburger@mpollack.com
                mpollack@mpollack.com

## <u>INSTRUCTION NO. 1</u>

Members of the jury, we are about to start the trial of this case, about which you have heard some details during jury selection. Before the trial begins, however, there are certain instructions you should have in order to understand what you will hear and see and how you should conduct yourself during the trial.

*Authority:      PJI 1:1 - Introduction to Jury*

## <u>INSTRUCTION NO. 2</u>

The party who brings a lawsuit is called the Plaintiff.   In this action the Plaintiff is Actors Federal Credit Union (also referred to as "Actors" or "the Credit Union") who sues to recover for breach of an insurance policy also referred to as a Credit Union Bond.  The party against whom the suit is brought is called the Defendant.   In this action the Defendant is CUMIS Insurance Society, Inc. (also referred to as "CUMIS" or "the Insurance Company").

*Authority:*      *PJI 1:2 - Parties*

**INSTRUCTION NO. 3**

When I have completed these opening instructions to you, the attorneys will make opening statements to you in which each will outline for you what (he, she) expects to prove.   The purpose of such opening statements is to tell you about each party's claims so that you will have a better understanding of the evidence as it is introduced.   What is said in such opening statements is not evidence.   The evidence upon which you will base your decision will come from the testimony of witnesses here in court or in examinations before trial, or in the form of photographs, documents, or other exhibits introduced into evidence.   Plaintiff makes an opening statement first, and is followed by defendant.   After the opening statements, plaintiff will introduce evidence in support of (his, her) claim.   Normally a plaintiff must produce all of (his, her) witnesses and complete (his, her) entire case before defendant introduces any evidence, although exceptions are sometimes made to that rule in order to accommodate a witness.   After plaintiff has completed the introduction of all of (his, her) evidence, defendant may present witnesses and exhibits.   If (he, she) does so, plaintiff may be permitted to offer additional evidence for the purpose of rebutting defendant's evidence.   Each witness is first examined by the party who calls that witness to testify, and then the opposing party is permitted to question the witness.

*Authority:     PJI 1:3 - Openings and Evidence*

## INSTRUCTION NO. 4

At times during the trial, an attorney may object to a question or to the introduction of an exhibit or make motions concerning legal questions that apply to this case.  Arguments in connection with such objections or motions are sometimes made out of the presence of the jury.  Any ruling upon such objections or motions will be based solely upon the law and therefore you must not conclude from any such ruling or from anything I say during the course of the trial that I favor (either, any) party to this lawsuit.  After such a ruling, you may hear one of the attorneys taking what we call an exception to it.  Exceptions have nothing to do with your role in this case and I mention the procedure to you so that you will not be confused if you hear the word during the trial.

*Authority:*      *PJI 1:4 - Objections, Motions, Exceptions*

## INSTRUCTION NO. 5

Upon completion of the introduction of evidence, the attorneys will again speak to you in a closing statement or summation.  In summing up, the lawyers will point out what they believe the evidence has shown, what inferences or conclusions they believe you should draw from the evidence and what conclusions they believe you should reach as your verdict.  What is said by the attorneys in summation, like what is said by them in their opening statements, or in the making of objections or motions during the trial, is not evidence.  Summations are intended to present the arguments of the parties based on the evidence.  Under our system, the defendant sums up first, followed by the plaintiff.

*Authority:       PJI 1:5 - Summations*

### INSTRUCTION NO. 6

After the summations, I will instruct you on the rules of law applicable to the case and you will then retire for your deliberations.  Your function as jurors is to decide what has or has not been proved and apply the rules of law that I give you to the facts as you find them to be.  The decision you reach will be your verdict.  Your decision will be based on the testimony that you hear and the exhibits that will be received in evidence during the trial.  You are the sole and exclusive judges of the facts and nothing I say or do should be taken by you as any indication of my opinion as to the facts.  As to the facts, neither I nor anyone else may invade your province. I will preside impartially and not express any opinion concerning the facts.  Any opinions of mine on the facts would, in any event, be totally irrelevant because the facts are for you to decide.  On the other hand, and with equal emphasis, I instruct you that in accordance with the oath you took as jurors you are required to accept the rules of law that I give you whether you agree with them or not.  You are not to ask anyone else about the law.  *[If a lawyer or judge is a member of the jury, the following should be added:* including the lawyer or judge serving as a juror.]  You should not consider or accept any advice about the law from anyone else but me.

*Authority:       PJI 1:6 - Function of Court and Jury*

## INSTRUCTION NO. 7

As the sole judges of the facts, you must decide which of the witnesses you believe, what portion of their testimony you accept and what weight you give to it.  At times during the trial I may sustain objections to questions and you may hear no answer, or, where an answer has been made, I may instruct that it be stricken or removed from the record and that you disregard it and dismiss it from your minds.  You may not draw any inference or conclusion from an unanswered question nor may you consider testimony which has been stricken or removed from the record in reaching your decision.  The law requires that your decision be made solely upon the evidence before you. Such items as I exclude from your consideration will be excluded because they are not legally admissible.

*Authority:      PJI 1:7 – Consider Only Competent Evidence*

## INSTRUCTION NO. 8

The law does not, however, require you to accept all of the evidence I shall admit.  In deciding what evidence you will accept you must make your own evaluation of the testimony given by each of the witnesses, and decide how much weight you choose to give to that testimony.  The testimony of a witness may not conform to the facts as they occurred because he or she is intentionally lying, because the witness did not accurately see or hear what he or she is testifying about, because the witness' recollection is faulty, or because the witness has not expressed himself or herself clearly in testifying.  There is no magical formula by which you evaluate testimony.  You bring with you to this courtroom all of the experience and background of your lives.  In your everyday affairs you decide for yourselves the reliability or unreliability of things people tell you.  The same tests that you use in your everyday dealings are the tests which you apply in your deliberations.  The interest or lack of interest of any witness in the outcome of this case, the bias or prejudice of a witness, if there be any, the appearance, the manner in which the witness gives testimony on the stand, the opportunity that the witness had to observe the facts about which he or she testifies, the probability or improbability of the witness' testimony when considered in the light of all of the other evidence in the case, are all items to be considered by you in deciding how much weight, if any, you will give to that witness' testimony.  If it appears that there is a discrepancy in the evidence, you will have to consider whether the apparent discrepancy can be reconciled by fitting the two stories together. If, however, that is not possible, you will then have to decide which of the conflicting stories you will accept.

*Authority:      PJI 1:8 – Weighing Testimony*

## **INSTRUCTION NO. 9**

The purpose of the rules I have outlined for you is to make sure that a just result is reached when you decide the case.  For the same purpose, you should keep in mind several rules governing your own conduct during any recess.

*Authority:        PJI 1:9 – Conduct During Recess*

## INSTRUCTION NO. 10

In fairness to the parties to this lawsuit, it is very important that you keep an open mind throughout the trial.  Then, after you have heard both sides fully, you will reach your verdict only on the evidence as it is presented to you in this courtroom, and only in this courtroom, and then only after you have heard the summations of each of the attorneys and my instructions to you on the law.  You will then have an opportunity to exchange views with each member of the jury during your deliberations to reach your verdict.

Please do not discuss this case either among yourselves or with anyone else during the course of the trial.  Do not do any independent research on any topic you might hear about in the testimony or see in the exhibits, whether by consulting others, reading books or magazines or conducting an internet search of any kind.  The Court requires that all electronic devices including any cell phones, Blackberries, Iphones, laptops or any other personal electronic devices be relinquished upon entering the Courthouse, however, should you be permitted to bring in such items, they must be turned off while you are in the courtroom and while you are deliberating after I have given you the law applicable to this case.

It is important to remember that you may not use any internet services, such as Google, Facebook, Twitter or any others to individually or collectively research topics concerning the trial, which includes the law, information about any of the issues in contention, the parties, the lawyers or the court.  After you have rendered your verdict and have been discharged, you will be free to do any research you choose, or to share your experiences, either directly, or through your favorite electronic means.

For now, be careful to remember these rules whenever you use a computer or other personal electronic device during the time you are serving as a juror but you are not in the courtroom.

While this instruction may seem unduly restrictive, it is vital that you carefully follow these directions.  The reason is simple.  The law requires that you consider only the testimony and evidence you hear and see in this courtroom.  Not only does our law mandate it, but the parties depend on you to fairly and impartially consider only the admitted evidence.  To do otherwise, by allowing outside information to affect your judgment, is unfair and prejudicial to the parties and could lead to this case's having to be retried.

Accordingly, I expect that you will seriously and faithfully abide by this instruction.

*Authority:       PJI 1:11 - Discussion With Others—Independent Research*

## <u>INSTRUCTION NO. 11</u>

Please do not permit any person who is not a juror to discuss this case in your presence, and if anyone does so despite your telling the person not to, report that to me as soon as you are able. You should not, however, discuss with your fellow jurors either that fact or any other fact you feel necessary to bring to my attention.

*Authority:      PJI 1:12 – Discussion by Others*

**INSTRUCTION NO. 12**

You will not be required to remain together while the Court is in recess. It is important, however, that you obey the following instructions during the recesses of the Court:

1. Do not talk to each other about this case or about anyone involved with this case until the end of the trial, when you go to the jury room to decide on your verdict.

2. Do not talk with anyone else about this case or about anyone involved with this case until the trial has ended and you have been discharged as juror. "Anyone else" includes members of your family and your friends. You may tell people you are a juror, but do not tell them anything else about the case.

3. Outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended. If someone should try to talk to you about the case during the trial, please report it to me immediately.

4. During the trial you should not talk with or speak to any of the parties, lawyers or witnesses involved in this case - you should not even pass the time of day with any of them. Please do not consider it rude because they do not speak to you. It is important not only that you do justice in this case, but that you also give the appearance of doing justice.

5. It is possible that this case will be covered by the media or receive publicity. Therefore, I instruct you that you are not to read any news stories or articles about the case, or about anyone involved with it, or listen to any radio or television reports about the case or about anyone

involved with it.  Similarly, if you are contacted by the media regarding this case, I instruct you not to talk to the media before reaching a verdict.

6.  Do not do any research, such as checking dictionaries, reference books or the Internet, or make any investigation about the case on your own.

7.  Do not make up your mind during the trial about what the verdict should be. Keep an open mind until after you have gone to the jury room to decide the case and you and the other jurors have discussed all the evidence.

8.  If you need to tell me something, simply give a signed note to the marshal to give to me.

*Authority:*     3 O'Malley, Grenig & Lee, *Federal Jury Practice & Charges,* §101.11 (5th ed. 2000) (as modified).

## INSTRUCTION NO. 13

I instruct you that in deciding the facts of this case, you are not to consider any of the following as evidence:   statements and arguments of counsel for Actors or CUMIS; questions and objections of counsel for Actors or CUMIS; any testimony that I instruct you to disregard; and anything that you may see or hear when the Court is not in session, even if what you see or hear is done or said by one of the parties or by one of the witnesses.

*Authority:* 3 O'Malley, Grenig & Lee, *Federal Jury Practice & Charges,* §101.44 (5th ed. 2000) (as modified).

## <u>INSTRUCTION NO. 14</u>

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something, that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give such credibility as you may think it deserves.

An act or omission is "knowingly" done, if voluntary and intentionally, and not because of mistake or accident or other innocent reason.

*Authority:* 3 O'Malley, Grenig & Lee, *Federal Jury Practice & Charges,* §105.04 (5th ed. 2000) (as modified).

## <u>INSTRUCTION NO. 15</u>

Evidence that, at some other time while not under oath, a witness who is not a party to this action has said or done something inconsistent with the witness' testimony at trial, may be considered for the sole purpose of judging the credibility of the witness.  However, such evidence may never be considered as evidence of proof of the truth of any such statement.

Where the witness is a party to the case, and by such statement or other conduct admits some fact or facts against the witness' interest, then such statement or other conduct, if knowingly made or done, may be considered as evidence of the truth of the fact or facts so admitted by such party, as well as for the purpose of judging the credibility of the party as a witness.  An act or admission is "knowingly" done, if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

*Authority:* 3 O'Malley, Grenig & Lee, *Federal Jury Practice & Charges,* §105.09 (5th ed. 2000) (as modified).

## <u>INSTRUCTION NO. 16</u>

My charge for you on the law of damages must not be taken as a suggestion that you should find for the plaintiffs. It is for you to decide on the evidence presented and the rules of law that I have given you whether plaintiffs are entitled to recover from the defendants.  If you decide that plaintiffs are not entitled to recover from the defendants, you need not consider damages.  Only if you decide that plaintiffs are entitled to recover will you consider the measure of damages.

If you find that the plaintiffs are entitled to recover from the defendants, you must render a verdict in a sum of money that will justly and fairly compensate the plaintiffs for all losses resulting from the injuries they sustained as a result of defendants' acts/omissions.

*Authority:  PJI 2:277 - Damages*

## <u>INSTRUCTION NO. 17</u>

During the trial of this case, certain testimony may be presented to you by way of deposition, consisting of sworn recorded answers to questions asked of the witness in advance of the trial by one or more of the attorneys for the parties to the case.  Such testimony is entitled to the same consideration, and is to be judged as to credibility, and weighed, and otherwise considered by you, the jury, insofar as possible, in the same way as if the witness had been present, and had testified from the witness stand.

*Authority:  3 O'Malley, Grenig & Lee, Federal Jury Practice & Instructions, §105.02 (5th ed. 2000) (as modified).*

## <u>INSTRUCTION NO. 18</u>

Actors and CUMIS have stipulated - that is, they have agreed - that certain facts are not in dispute.  You should, therefore, treat those facts as having been proved.  In addition, certain facts have been admitted by either Actors or CUMIS before trial.  Again, you should treat those facts as having been proved.

*Authority:  Model Jury Instructions (Civil) Eighth Circuit §2.3 (1999) (as modified).*

## <u>INSTRUCTION NO. 19</u>

The parties here have stipulated to certain facts.  A stipulation of fact is an agreement among the parties that a certain fact is true.  You must regard such agreed upon or stipulated facts as true.

*Authority:  Adapted from Jury Charge of the Honorable Shira A. Scheindlin, U.S.D.J., Scott v. City of New York, 02 Civ. 9530 (SAS)(THK) (S.D.N.Y., Nov. 26, 2008).*

## INSTRUCTION NO. 20

I instruct you that in deciding the facts of this case, you are not to consider any of the following as evidence: statements and arguments of counsel for the plaintiff or the defendants; questions and objections of counsel for the plaintiff or the defendants; any testimony that I instruct you to disregard, and anything that you may see or hear when the Court is not in session, even if what you see or hear is done or said by one of the parties or by one of the witnesses.

*Authority:  3 O'Malley, Grenig & Lee, Federal Jury Practice & Instructions, §101.44 (5th ed. 2000) (as modified).*

## INSTRUCTION NO. 21

Members of the jury, you are about to begin your final duty, which is to decide the fact issues in this case. Before you do that, I will instruct you on the law.  Please pay close attention to me.  I will go slowly and will be as clear as possible.

You have now heard all of the evidence in this case, as well as the final arguments of the lawyers for the parties.

My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you.  If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.  You, of course, have a copy of these instructions to take with you into the jury room.

You should not be concerned about the wisdom of any rule that I state.  Regardless of any opinion that you may have as to what the law may be - or ought to be - it would violate your

sworn duty to base a verdict upon any view of the law other than that I give to you.


*Authority:  Adapted from Jury Charge of the Honorable Shira A. Scheindlin, USDJ, Scott v. City of New York, 02 Civ. 9530 (SAS)(THK) (S.D.N.Y. Nov. 26, 2008).*

## INSTRUCTION NO. 22

As this is a civil case, the Plaintiff has the burden of proving its claims by a preponderance of the evidence.  A preponderance of the evidence means such evidence as, when considered and compared to what is opposed to it, has more convincing force and produces in your mind the belief that what is sought to be proved is, more likely than not, true.  This means that the Plaintiff must prove by a preponderance of the evidence each and every disputed element of its claims with respect to the  Defendants and the damages resulting therefrom.  If you find that the Plaintiff has failed to establish a claim by a preponderance of the evidence, you must decide against it on that claim.

With respect to any element or defense as to which I instruct you that the Defendants bear the burden of proof, the Defendants must establish that defense by a preponderance of evidence.  If you find that the Defendants have failed to establish a defense by a preponderance of the evidence, you must decide against the Defendants on that defense.

Establishing a fact by a preponderance of the evidence means proving that the fact is more likely true than not true.  A preponderance of the evidence means the greater weight of the evidence.  It does not mean the greater number of witnesses, the greater length of time taken, or the greater number of documents introduced by either side.  The phrase refers to the quality of the evidence; that is, its convincing quality, the weight, and the effect that it has on your minds.  The law requires that for a Plaintiff to prevail on a claim, the evidence that supports that claim must appeal to you as more clearly representing what took place then the evidence opposed to the claim.  If it does not, or if it weighs so evenly that you are unable to say that there is

preponderance on either side, then you must decide the question in favor of the Defendants.  It is only if the evidence favoring the Plaintiff's claim outweighs the evidence opposed to it that you can find in favor of the Plaintiff.

It is often said that the evidence is to be weighed on scales, and when Plaintiff bears the burden of proof, if you find that the evidence on any issue of fact weighs equally in the favor of Plaintiff and Defendants, that is, that the scales are evenly balanced, then the Plaintiff would have failed in proving its case as to that item.  However, if the scales tilt, however slightly, in favor of the Plaintiff, that would constitute a preponderance of the evidence and would satisfy the legal burden of proof imposed upon the Plaintiff.

The preponderance of the evidence does not require so much proof as to produce absolute certainty or proof beyond a reasonable doubt.  It is merely the slight tipping of the scales which determines preponderance of the evidence.  In determining whether any fact has been proved by preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof for a criminal trial.  However, a Plaintiff in a civil case does not have to satisfy that requirement, and therefore you should put it out of your mind.

*Authority: Adapted from Jury Charge of the Honorable Shira A. Scheindlin, USDJ, Scott v. City of New York, 02 Civ. 9530 (SAS)(THK) (S.D.N.Y. Nov. 26, 2008); Sand, Modern Federal Jury Instructions. P.7301 at 73-4 (1992); Ostrowski v. Atlantic Mutual Insurance Companies, 968 F.2d 171 (2d Cir., 1992).*

### INSTRUCTION NO. 23

The evidence from which you are to decide what the facts are consists of:

1.  The sworn testimony of witnesses, on both direct and cross-examination, regardless of who called the witness;

2.  Exhibits or other things received in evidence.

3.  Any facts to which the lawyers have agreed or stipulated, and

4.  Any fact which I have instructed you to accept as true.


By contrast, the following are *not* evidence:

1.  Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of the facts controls.

2.  Questions by lawyers are alone not evidence.  It is the witnesses' answers that are evidence. Similarly, objections are not evidence.  Lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or the Court's ruling on it.

3.  Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.

4.  Anything you may have seen or heard when the Court was not in session is not evidence. You are to decide the case solely on the evidence received during the trial.

5.  To constitute evidence, exhibits must be received in evidence.  Exhibits that were marked only for identification but were not admitted as evidence or materials that were brought for the

only to refresh a witness' recollection, are not evidence.

Finally, any statements which I may have made, including statements concerning the quality of the evidence, do not constitute evidence.

*Authority:  Adapted from Jury Charge of the Honorable Shira A. Scheindlin, USDJ, Scott v. City of New York, 02 Civ. 9530 (SAS)(THK) (S.D.N.Y. Nov. 26, 2008).*

## <u>INSTRUCTION NO. 24</u>

The weight of evidence is not determined by the number of witnesses testifying to a particular

fact, but by the quality and credibility of that evidence.

Authority:  *SEC v. Johnson,* Not Reported in F. Supp. 2d, 2006 WL 2053379, *6 (S.D.N.Y. 2006); *White v. Lehigh V.R. Co.,* 211 A.D. 177, 179 (4th Dep't. 1924).

## INSTRUCTION NO. 25

There are two types of evidence which you may properly use in deciding what the facts are in this case - direct and circumstantial evidence.

Direct evidence is where a witness testifies to what she or he saw, heard, or observed.  In other words, when a witness testifies about what she or he knows by virtue of her or his own senses - - what she or he sees, feels, touches, or hears - this is called direct evidence.

Circumstantial evidence tends to prove a disputed fact by proof of other established facts. Circumstantial evidence is easier to illustrate than it is to define.

Assume that when you entered the courtroom today it was raining outside, although it was overcast.  Assume further, that as you sat here you saw about five people walk into the courtroom, each wearing a wet raincoat and carrying a wet umbrella.  On a combination of the facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it is now raining outside.  That is all there is to circumstantial evidence.  You may infer on the basis of reason, experience and your common sense from an established fact the existence or non-existence of some other fact.

Circumstantial evidence is of no less value than direct evidence.  The law makes no distinction between direct and circumstantial evidence and the weight you may give to either kind of evidence I have just described.  Nor is a greater degree of certainty required of circumstantial evidence when compared with direct evidence.  In reaching a verdict in this case, you should

weigh all the evidence presented, whether direct or circumstantial.

*Authority:  Adapted from Jury Charge of the Honorable Shira A. Scheindlin, USDJ, Scott v. City of New York, 02 Civ. 9530 (SAS)(THK) (S.D.N.Y. Nov. 26,2008); Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions §72.03 (1987).*

<u>**INSTRUCTION NO. 26**</u>

During the trial you have heard the attorneys use the term "inference," and in their arguments they have asked you to infer, on the basis of your reason, experience, and common sense, from one or more proven facts, the existence of some other facts.

An inference is not a suspicion or a guess; it is a logical conclusion that a disputed fact exists that we reach in light of another fact that has been shown to exist.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence.  It is for you, and you alone, to decide what inferences you will draw.

The process of drawing an inference from facts in evidence is not a matter of guesswork or speculation.  An inference is a deduction or conclusion that you, the jury, are permitted to draw - but not required to draw - from the facts that have been established by either direct or circumstantial evidence.  In drawing an inference you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw from the facts that you find to be proven, such reasonable inferences as would be justified in light of your experience.

*Authority: Adapted from Jury Charge of the Honorable Shira A. Scheindlin, USDJ, Scott v. City of New York, 02 Civ. 9530 (SAS)(THK) (S.D.N.Y. Nov. 26, 2008).*

### INSTRUCTION NO. 27

You have had the opportunity to observe all the witnesses. It is now your job to decide how believable each witness was in his or her testimony.

How do you determine where the truth lies? You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You may consider any bias or hostility that a witness may have shown for or against any party as well as any interest the witness has in the outcome of the case. It is your duty to consider whether the witness has permitted any such bias or interest to color his or her testimony.

You should consider the opportunity the witness had to see, hear and know the things about which they testified, the accuracy of their memory, their candor or lack of candor, their intelligence, the reasonableness and probability of their testimony, and its consistency or lack of consistency and the corroboration or lack of corroboration with other believable testimony. You watched the witness testify. Everything the witness said or did on the witness stand counts in your determination. How did the witness appear? What was the witness's demeanor while testifying? Often, it is not what people say but how they say it that moves us.

In deciding whether to believe a witness, keep in mind that people sometimes forget things. You need to consider, therefore, whether the witness's testimony reflects an innocent lapse of memory or an intentional falsehood, and that may depend upon whether it has to do with an important fact or with only a small detail.

If you find that any witness has willfully testified falsely as to any material fact (that is, as to an important matter), the law permits you to disregard completely the entire testimony of that witness upon the principle that one who testifies falsely about one material fact is likely to testify falsely about everything.   You are not required, however, to consider such a witness as totally unworthy of belief.   You may accept so much of the witness's testimony as you deem true and disregard what you feel is false.   As the sole judges of the facts, you must decide which of the witnesses you will believe, what portion of their testimony you accept, and what weight you will give it.

*Authority: Adapted from Jury Charge of the Honorable Shira A. Scheindlin, USDJ, Scott v. City of New York, 02 Civ. 9530 (SAS)(THK) (S.D.N.Y. Nov. 26, 2008).*

## <u>INSTRUCTION NO. 28</u>

In evaluating the credibility of the witnesses, you may take into account any evidence that a witness may benefit in some way from the outcome of the case.  Such interest in the outcome creates a motive to testify falsely and may sway a witness to testify in a way that advances the witness's own interest.  Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you may bear that factor in mind when evaluating the credibility of his or her testimony, and accept it with care.

Keep in mind, however, that it does not automatically follow that testimony given by an interested witness is to be disbelieved.  There are many people who, no matter what their interest in the outcome of the case may be, would not testify falsely.  It is for you to decide, based upon your own perceptions and common sense, to what extent, if at all, the witness's interest has affected his or her testimony.

I instruct you that the Plaintiff and the Defendant are interested witnesses.

*Authority: Adapted from Jury Charge of the Honorable Shira A. Scheindlin, USDJ, Scott v. City of New York, 02 Civ. 9530 (SAS)(THK) (S.D.N.Y. Nov. 26, 2008).*

## <u>INSTRUCTION NO. 29</u>

The Defendant, CUMIS, is a corporation.  A corporation is an organization formed and authorized by law to act as a natural person in carrying out its lawful business activities.  Keep in mind throughout my instruction to you and during your deliberations that a corporation can act only through natural persons as its agents or employees; and, in general, any agent or employee of a corporation may bind the corporation by his acts and declarations made while acting within the scope of his authority delegated to him by the corporation, or within the scope of his duties as an employee of the corporation.

**INSTRUCTION NO. 30**

Some of the testimony before you is in the form of depositions which have been received in evidence.  A deposition is simply a procedure where the attorneys for one side may question a witness or an adversary party under oath before a court stenographer prior to trial.  This is part of the pretrial discovery stage, and each side is entitled to take depositions.  You may consider the testimony of a witness given at a deposition according to the same standards you would use to evaluate the testimony of a witness given at trial.

## <u>INSTRUCTION NO. 31</u>

I will now discuss with you the issues that you must decide as jurors.  The parties in this case are Actors Federal Credit Union, which I will refer to as "Actors" or "the Credit Union" and CUMIS Insurance Society, Inc., which I will refer to as "CUMIS" or "the Insurance Company"

Actors is a federally chartered credit union that, among other things, operates numerous ATMs in the New York City area during the years relevant to the parties' dispute.  CUMIS is an insurance company that provides insurance coverage to credit unions for various risks associated with operating the credit union.

Actors and CUMIS have asked the Court to determine their rights and obligations under an insurance policy.  The parties are in agreement that Actors is an insured under the Policy and that the Bond was in effect during the relevant period. The sole issue for you, the jury to decide is whether there was coverage for Actors' claim under the Bond.

<u>**INSTRUCTION NO. 32**</u>

Actors Federal Credit Union claims that CUMIS Insurance Society, Inc. breached its duty to pay the Credit Union for losses covered under an insurance policy with CUMIS, the existence of which is not disputed.  To establish this claim, Actors must prove the following:

1.      That Actors suffered a loss;

2.      That all or part of the loss is covered under the insurance policy;

3.      That CUMIS was notified of the Loss as required by the policy; and

4.      The amount of the covered loss that CUMIS failed to pay.

## <u>INSTRUCTION NO. 33</u>

The In Transit coverage provision contained in the insurance policy which Actors secured from CUMIS, requires CUMIS to pay Actors for its loss of covered property resulting from its theft, mysterious unexplainable disappearance, misplacement, damage or destruction while physically, not electronically, in transit and within the custody of an armored motor vehicle company utilizing an armored motor vehicle to transport covered property prior to reaching its intended destination, the Actors ATMs or bank account.  The insurance policy does not require the property to be physically in an armored motor vehicle at the time of the loss.  If Actors proves these elements, CUMIS must pay Actors for its loss.

## <u>INSTRUCTION NO. 34</u>

Under the "In Transit" coverage provided by the Bond, CUMIS agreed to pay Actors for the:

Loss of "covered property" resulting directly from its "theft," mysterious unexplainable disappearance, misplacement, damage or destruction while physically (not electronically) in transit and within the custody of:

a.   An "employee" or other natural person you have selected to act as your messenger; or

b.   An armored motor vehicle company utilizing an armored motor vehicle to transport "covered property."

Transit begins immediately upon receipt of the "covered property" by such "employee" or other natural person you have selected to act as your messenger, or such armored motor vehicle company, and ends immediately upon delivery at the destination ("'In-Transit' Clause"). *Ibid.* at Page 4, Section C.

You must determine whether based upon the facts and evidence heard during this trial, CUMIS must pay Actors for the damages it suffered under this language.

## <u>INSTRUCTION NO. 35</u>

An insurance contract is to be construed as a whole and each provision interpreted in light of the other provisions.  When terms of the insurance contract are clear and explicit, you must enforce the contract as written.

## <u>INSTRUCTION NO. 36</u>

Terms in an insurance policy are to be construed as they are used in common speech.  If there is any doubt as to the meaning of a term or phrase, the term or phrase is considered ambiguous and you must then consider the evidence submitted by the parties concerning their intent when entering into the contract.

In determining the probable intent of the parties, primary attention must be given to the purpose of the parties in making the contract and the fair and reasonable meaning of the words control.

## <u>INSTRUCTION NO. 37</u>

Under New York law, an insurance policy is to be construed to effectuate the intent of the parties

as expressed by their words and purposes.  The terms of an insurance policy are to be accorded a

natural and reasonable meaning.

*Authority:  Doyle v. Allstate Ins. Co.,* 1 N.Y.2d 439, 443 (N.Y. 1956); *In re Prudential Lines Inc.,* 158 F.3d 65, 77 (2d Cir. 1998).

## **INSTRUCTION NO. 38**

Under New York law, if an ambiguity arises that cannot be resolved by examining the parties' intentions, the ambiguous terms or phrases should be construed in accordance with the reasonable expectations of the Credit Union when it entered into the contract.

*Authority:*      *Haber v. St. Paul Guardian Ins. Co.*, 137 F.3d 691, 700-01 (2d Cir. 1998).

## <u>INSTRUCTION NO. 39</u>

When a term used in an insurance policy is undefined or there is doubt as to the term's definition, you are to apply your everyday common understanding of the term and consider the extrinsic evidence the parties have submitted to interpret the intent of each party when entering into the agreement.

**<u>INSTRUCTION NO. 40</u>**

The term "mysterious unexplainable disappearance" is not defined in the Bond.  You are to apply your common understanding of the term "mysterious unexplainable disappearance" in determining whether or not the losses claimed by Actors fall within the In-Transit Provision of the Bond.

**INSTRUCTION NO. 41**

The Court has determined that the phrase "[a]n armored motor vehicle utilizing an armored motor vehicle" is ambiguous and could be read, as proffered by the Credit Union, a describing the type of entity that must have custody of the funds at the time of the loss rather than limiting coverage to the period of time when the currency was actually inside the armored motor vehicle.

To decide was what the ambiguous terms mean, you must determine the intent of the parties at the time they entered into the insurance contract, that is, at the time the Bond was issued.  In other words, you must decide whether the parties intended, at the time the Bond was issued, that the funds had to be inside an armored motor vehicle or that they just had to be within the custody of the armored motor vehicle company.

Intent of the parties is generally determined by considering what they said and did, their relationship, and all of the surrounding circumstances including, most importantly, the purpose of the parties in entering into the insurance contract.

The best evidence of the parties' intent is found in the words used in the Policy itself.  You should read the language of the Policy in light of the reasonable expectations and purpose of the average businessperson and employing common speech.  The Policy should be read as a whole, and you should attempt, if reasonably possible, to give effect to all terms in the Policy.

If you are unable to infer the intent of the parties, then under New York law, this aspect of the In-Transit provision should be interpreted in favor of Actors.

## INSTRUCTION NO. 42

The language of the Bond's "In-Transit" Clause provides that "[t]ransit begins immediately upon receipt of the 'covered property' by . . . such armored motor vehicle company, and ends immediately upon delivery at the destination."  The terms "transit," "armored motor vehicle company" or "destination" are not defined in the Bond.  This Court has determined that the Bond is ambiguous as to the meaning and scope of "transit," therefore you are charged with determining the meaning of this clause based upon the intent of the parties when entering the contract.

The Credit Union has provided testimony that it intended the "destination" referred to in this provision to mean Actors' ATMs or, in the case of residual cash, Actors' bank account.  but CUMIS has proposed that the MVMC Vault was the "destination" referred to in the "In-Transit" Clause.

Intent of the parties is generally determined by considering what they said and did, their relationship, and all of the surrounding circumstances including, most importantly, the purpose of the parties in entering into the insurance contract.

The best evidence of the parties' intent is found in the words used in the Policy itself.  You should read the language of the Policy in light of the reasonable expectations and purpose of the average businessperson and employing common speech.  The Policy should be read as a whole, and you should attempt, if reasonably possible, to give effect to all terms in the Policy.

If you are unable to infer the intent of the parties, then under New York law, this aspect of the In-Transit provision should be interpreted in favor of Actors.

**INSTRUCTION NO. 43**

The Court has taken judicial notice and accepted as proved the fact that Robert Egan and Bernard McGarry of Mount Vernon Money Center were arrested, indicted and pled guilty to the fraud and embezzlements concerning property owned by Actors Federal Credit Union. You must accept this fact as true for purposes of this case.

## <u>INSTRUCTION NO. 44</u>

When an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings.  A party may move—at any time, even after judgment—to amend the pleadings to conform them to the evidence and to raise an unpleaded issue.  Failure to amend does not affect the result of the trial of that issue.

*Authority:*  FRCP §15(b)(2)

<u>**INSTRUCTION NO. 45**</u>

A Plaintiff who is awarded a verdict for breach of contract is entitled to compensatory damages for such losses as may fairly be considered to have arisen naturally from the defendant's breach of contract.  Alternatively, Plaintiff may be entitled to such damages as may reasonably be supposed to have been contemplated by both parties, at the time they made the contract, as the probable result of the breach of such contract.

Compensatory damages for breach of contract are designed under the law to place the injured party in as good a monetary position as he/she would have enjoyed if the contract had been performed as promised.

## <u>INSTRUCTION NO. 46</u>

Evidence that, at some other time, while not under oath, a witness who is not a party to this action, has said or done something inconsistent with the witness' testimony at the trial, may be considered for the sole purpose of judging the credibility of the witness.  However, such evidence may never be considered as evidence of proof of the truth of any such statement.

Where the witness is a party to the case, and by such statement or other conduct admits some fact or facts against the witness' interest, then such statement or other conduct, if knowingly made or done, may be considered as evidence of the truth of the fact or facts so admitted by such party, as well as for the purpose of judging the credibility of the party as a witness.

An act or omission is "knowingly" done, if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

## <u>INSTRUCTION NO. 47</u>

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial.  Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

**<u>INSTRUCTION NO. 48</u>**

The burden of proof rests on the Defendant in this action as to all affirmative defenses set up by that Defendant in the Defendant's Answer to Plaintiff's Complaint, where and to the extent that such affirmative defense is denied.  Similarly, if the Defendant has pleaded a set-off to the Plaintiff's claim or cause of action, it carries the burden of proof as to such setoff.

**<u>INSTRUCTION NO. 49</u>**

Upon retiring to the jury room you must elect one of your members to act as your foreperson.  The foreperson will preside over your deliberation and will be your spokesman here in court.

The verdict must represent the collective judgment of the jury.  In order to return a verdict, it is necessary that each juror agree to it.  Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another and to deliberate with a view to reaching an agreement if you can do so without violence to individual judgment.  Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors for the mere purpose of returning a unanimous verdict.

Remember, at all times are not partisans.  You are judges – judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

Your verdict must be based solely upon the evidence received in the case.  Nothing you have seen or read outside of Court may be considered.  Nothing that I have said or done during the course of this trial is intended, in any way, to somehow suggest to you what I think your verdict should be.  Nothing said in these instructions and nothing in any form of verdict prepared for your convenience is to suggest or convey to you in any way or manner any intimation as to what verdict I think you should return.  What the verdict shall be is the exclusive duty and responsibility of the jury.  As I have told you many times, you are the sole judges of the facts.

The Court has prepared a verdict form for your convenience.  You are instructed that your answers to the interrogatories on the verdict form must be consistent with the instructions I have given you and with each other.

When you have reached a unanimous agreement as to your verdict, your foreperson will fill in, date and sign the verdict form upon which you have unanimously agreed.  When you have reached a unanimous agreement as to your verdict, the foreperson shall inform the bailiff and you shall return to the courtroom.

If it becomes necessary during your deliberations to communicate with the Court, you may send a note by the bailiff.  But bear in mind that you are not to reveal to the Court, or to any person, how the jury stands, numerically or otherwise, on the question before you, until after you have reached a unanimous agreement.

## <u>INSTRUCTION NO. 50</u>

The attitude and conduct of jurors at the outset of their deliberations are matters of considerable importance.  It is rarely productive for a juror, upon entering the jury room, to make an emphatic expression of his or her opinion on the case or to announce a determination to stand for a certain verdict.  When one does that at the outset, his or her sense of pride may be aroused and her or she may hesitate to recede from an announced position if shown that it is wrong.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
ACTORS FEDERAL CREDIT UNION,   :    Case No.:  11-cv-02129 (MEA)
                                              :
                        Plaintiff,    :
                                              :
                 - against -    :
                                              :
CUMIS INSURANCE SOCIETY, INC.,   :
                                            :
                      Defendant.    :
-----------------------------------------------------------------x

## CERTIFICATE OF SERVICE

        The undersigned hereby certifies that a true and correct copy of Plaintiff's Proposed Requests to Charge electronically filed on March 8, 2013 with the Clerk of the Court using the CM/ECF System, which shall send notification by email of such filing to the following counsel for the Defendant, at the addresses listed below:

F. Joseph Nealon, Esq.
Nicholas T. Moraites, Esq.
ECKERT SEAMANS CHERIN
& MELLOTT, LLC
1717 Pennsylvania Avenue, N.W., Suite 1200
Washington, D.C. 20006
jnealon@eckertseamans.com
nmoraites@eckertseamans.com

Geraldine A. Cheverko, Esq.
ECKERT SEAMANS CHERIN
& MELLOTT, LLC
10 Bank Street, Suite 1061
White Plains, NY 10606
gcheverko@eckertseamans.com

                      \s\ Eileen M. Burger

                      _____

                      Eileen M. Burger, Esq. (EB-3002)